NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— July, 1879.

BROWN v. KERRIGAN.

*In the matter of the estate of* MARGARET D. KERRIGAN, *deceased.*

A surety for an administrator, who has so administered the estate as probably to render the surety liable on his bond, has no such equitable lien or right as to enable him to prevent the payment of a legacy to the executrix of his principal.

Such a surety has no claim against his principal's property, until he has paid pursuant to his bond, and has recovered judgment against his principal.

MOTION by Edward F. Brown, as one of the sureties on the bond of Joseph A. Kerrigan, as administrator of the estate of Margaret D. Kerrigan, to restrain the executor of the estate of James Kerrigan from paying a legacy under the will of said James, to the executrix of Joseph A. Kerrigan's will, pursuant to a decree heretofore en-

tered in James Kerrigan's estate. The petitioner alleged that said Joseph A., as such administrator, has probably so administered the estate as to render his sureties liable therefor upon their bond.

EDWARD F. BROWN, *for petitioner.*

THE SURROGATE.—This motion seems to me to be made without precedent in practice or warrant of law. In the first place, the petitioner in this matter shows no fixed or matured claim against his principal or against his estate : in the second place, he has none against Joseph A. Kerrigan, or his representative.

It is certainly a novel proposition that a surety, by the mere force of his obligation, obtains such an equitable lien upon the property and credits of his principal that he may prevent his principal from collecting his individual debts, and obstruct his ordinary business transactions, upon the mere suggestion that the surety may be made liable on his bond. Such would, however, be the logical result of the granting of this motion.

Indeed, if the principal had so administered the estate that the sureties were made liable, and they had paid pursuant to their bond, they would have no right to seize upon the individual property of the principal until they should recover judgment against him, and then they could obtain no relief as against choses in action or intangible property belonging to him, except through a creditor's bill, or a proceeding under the Code supplementary to execution. The Code, while it *authorizes* a debtor to a judgment debtor to pay to the sheriff having an execution, does not give the court the power to compel it.

When the fund in question shall be paid over to the executrix of the principal's will, it cannot, as a matter of course, be devoted to saving the petitioner harmless.from his liability as surety, but must be administered by her in due course; the surety having no preference over other of the creditors.

The motion must be denied.

Ordered accordingly.